**UNITED STATES of America**

v.

**Charles Nathan HOLLAND, et al., Defendants.**

**No. CR–96–B–0208–NE.**

United States District Court, N.D. Alabama, Northeastern Division.

April 21, 1998.

Jerry S. Barclay, Huntsville, AL, Robert B. Tuten, Huntsville, AL, for Charles Nathan Holland.

Robert P. McGregor, Jr., Asst. U.S. Atty., Birmingham, AL, Ronald M. McNeil, Capital Litigation Section, Criminal Div., U.S. Dept. of Justice, Washington, DC, Redding Pitt, Special Attorney to the U.S. Atty. Gen., Montgomery, AL, for U.S.

## MEMORANDUM OPINION

BLACKBURN, District Judge.

### I. BACKGROUND

Defendants Marvin Lee Holley, Charles Nathan Holland, and Billy Jay Gore are charged with a variety of offenses in a six count Indictment. All charges relate to the possession and distribution of marijuana and cocaine and the intentional killing of Ronald Avans. Count Three is the only count of the Indictment that charges Holland, and Holland has filed a motion to dismiss this count asserting that prosecution of Count Three, as against him, is barred by the Double Jeopardy Clause of the United States Constitution.

The first three counts in the Indictment are pertinent to a discussion of Holland's motion.[1] Count One charges Holley with conspiring to distribute marijuana and cocaine in violation of 21 U.S.C. § 846. Count Two charges Holley with engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848. Count Three charges *both* Holley and Holland with continuing criminal enterprise murder (CCE-murder) in violation of 21 U.S.C. § 848(c)(1)(A) and 18 U.S.C. § 2. Specifically, Count Three charges

that Holley and Holland intentionally killed Ronald Avans

> while engaged in and working in furtherance of a Continuing Criminal Enterprise, as defined by Title 21, United States Code, Section 848(c), as charged in Count Two of this indictment, which is realleged and incorporated herein, and while engaged in an offense punishable under Title 21, United States Code, Section 841(b)(1)(A), to wit: a conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana and five (5) or more kilograms of cocaine, as charged in Count One of this indictment, which is realleged and incorporated herein ... in violation of 21 U.S.C. § 848(e)(1)(A) and Title 18, United States Code, Section 2.

Holland's Double Jeopardy attack on Count Three stems from the fact that he was previously charged and brought to trial for the very same conspiracy to possess and distribute marijuana and cocaine alleged in the Indictment. In fact, the government admits that the conspiracy charge for which Holland was previously indicted and brought to trial is "substantively and factually the same" as the conspiracy alleged in Count One of the pending Indictment. *See* "Stipulation of Facts Regarding Defendant's Motion To Dismiss For Violation of Double Jeopardy."[2]

### II. DISCUSSION

Count Three of the pending Indictment charges Holland with CCE-murder in violation of 21 U.S.C. § 848(e)(1)(A). The agreement which serves to establish the "in concert" element of the CCE[3] is the same

---

1. Counts Four through Six involve defendants Holley and Gore and are not pertinent to Holland's motion to dismiss.

2. The government initially charged Holland with conspiracy to possess and distribute marijuana and cocaine in violation of 21 U.S.C. § 846 in an Indictment filed August 2, 1995. The government brought Holland to trial before a jury on this charge, but moved to dismiss shortly after trial had begun. The district court granted the government's motion, and dismissed the charge against Holland with prejudice in an Order entered on January 22, 1996.

Count One of the pending Indictment charges Holley with conspiracy to possess and distribute marijuana and cocaine in violation of 21 U.S.C. § 846. The Indictment then realleges Count One into Count Two (the CCE charge against Holley), and then realleges both Counts One and Two into Count Three (the CCE-murder charges against Holland and Holley).

3. A "continuing criminal enterprise" is defined at 21 U.S.C. § 848(c) and consists of five elements:
   (1) a felony violation of federal narcotics laws
   (2) as part of a continuing series of violations
   (3) in concert with five or more persons

agreement that constitutes the conspiracy to possess and distribute marijuana and cocaine for which Holland was previously indicted and placed in jeopardy. Similarly, the conspiracy to possess and distribute cocaine in violation of § 841(b)(1)(A) alleged in Count Three of the pending Indictment is the same conspiracy for which Holland was previously indicted and placed in jeopardy. Therefore, Holland argues, this court must dismiss Count Three of the pending Indictment because he has already been tried for the drug conspiracy which is, in his view, a lesser included offense of engaging in a CCE. *See* "Defendant's Motion To Dismiss Count Three Of The Indictment" at paragraph 6.

If Holland were charged with *engaging in* a CCE in violation of § 848(a) his motion might be well taken. The Supreme Court has held that a drug conspiracy, as defined by 21 U.S.C. § 846, is a lesser included offense of engaging in a CCE in violation of 21 U.S.C. § 848(a) where the conspiracy and the "in concert" element of the § 848(a) CCE offense are based upon the same agreement. *Rutledge v. United States,* 517 U.S. 292, 294, 300, 116 S.Ct. 1241, 1244, 1247, 134 L.Ed.2d 419 (1996); *see United States v. Reed,* 980 F.2d 1568, 1577 (11th Cir.) ("If [a § 846] conspiracy serves as the predicate act for the CCE conviction and both crimes are 'based upon the same criminal agreement, the conspiracy merges into the CCE conviction.' "), *cert. denied,* 509 U.S. 932, 113 S.Ct. 3063, 125 L.Ed.2d 745 (1993). These cases, however, do not involve defendants charged with *CCE-murder* in violation of § 848(e). *See also United States v. Jones,* 101 F.3d 1263, 1268 (8th Cir.1996) ("[Defendant] cannot be convicted ... both for engaging in a continuing criminal enterprise and for conspiring with others to distribute drugs."), *cert. denied,* — U.S. —, 117 S.Ct. 1346, 137 L.Ed.2d 504, *and cert. denied,* — U.S. —, 117 S.Ct. 1566, 137 L.Ed.2d 712 (1997).

By contrast, the government has not charged Holland with engaging in a CCE in violation of § 848(a) or with conspiring with others to distribute drugs under § 846. He

is charged *only* with CCE-murder in violation of § 848(e)(1)(A). Therefore, Holland's double jeopardy claim will have merit only if CCE-murder is the same offense as engaging in a CCE, or if the drug conspiracy for which Holland has already been put in jeopardy is a lesser included offense of a separate CCE-murder offense.

**A. CCE–Murder In Violation of § 848(e) Is A Separate Offense From Engaging In A CCE In Violation of § 848(a).**

■ The Eleventh Circuit has held that § 848(e) is more than a mere sentencing provision that authorizes the death penalty for violations of § 848(a). *United States v. Chandler,* 996 F.2d 1073, 1099 (11th Cir. 1993), *cert. denied,* 512 U.S. 1227, 114 S.Ct. 2724, 129 L.Ed.2d 848 (1994). To the contrary, § 848(e) sets forth the elements of a separate crime. *Chandler,* 996 F.2d at 1099–1100. Other circuits agree that CCE-murder is a separate offense from engaging in a CCE in violation of § 848(a). *See United States v. NJB,* 104 F.3d 630, 633 (4th Cir. 1997) ("The language, structure, and legislative history of § 848(e) establish that it is a separate offense, not merely a penalty enhancement."), *cert. denied,* — U.S. —, 117 S.Ct. 1722, 137 L.Ed.2d 844 (1997); *Jones,* 101 F.3d at 1272 (8th Cir.1996) (affirming defendant's convictions of *both* § 848(a) engaging in a continuing criminal enterprise and § 848(e) murder in furtherance of a CCE); *United States v. Tipton,* 90 F.3d 861, 869–70, 903 (4th Cir.1996) (involving three defendants convicted of *both* § 848(a) engaging in a continuing criminal enterprise and § 848(e) murder in furtherance of a CCE), *cert. denied,* — U.S. —, 117 S.Ct. 2414, *and cert. denied,* — U.S. —, 117 S.Ct. 2414, *and cert. denied,* — U.S. —, 117 S.Ct. 2414 (1997); *United States v. Villarreal,* 963 F.2d 725 (5th Cir.1992), *cert. denied,* 506 U.S. 927, 113 S.Ct. 353, 121 L.Ed.2d 267

(4) for whom the defendant is an organizer or supervisor
(5) from which he derives substantial resources

*United States v. Church,* 955 F.2d 688, 695 (11th Cir.), *cert. denied,* 506 U.S. 881, 113 S.Ct. 233, 121 L.Ed.2d 169 (1992).

(1992).[4]

### B. Drug Conspiracy In Violation Of § 846 Is Not A Lesser Included Offense Of CCE–Murder "In Furtherance Of A Continuing Criminal Enterprise" In Violation Of § 948(e)(1)(A).

Even though CCE-murder as defined in § 848(e) is a separate offense from engaging in a continuing criminal enterprise in violation of § 848(a), Holland's motion might still have merit if a drug conspiracy under § 846 is a lesser included offense of § 848(e) CCE-murder. CCE-murder is defined as:

> (A) any person engaging in or working in furtherance of a continuing criminal enterprise, or any person engaging in an offense punishable under section 841(b)(1)(A) of this title or section 960(b)(1) of this title who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results, shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death; . . . .

21 U.S.C. § 848(e)(1)(A).[5]

By using the word "or" in several places the statute appears to impose liability in the alternative. This point has not been addressed by the Eleventh Circuit. However, the Eighth, Tenth, and Seventh Circuits have agreed that the language "any person engaging in or working in furtherance of a continuing criminal enterprise" contained in § 848(e)(1)(A) imposes alternative liability on the drug "kingpin" (who is "engaging in" the

CCE) and "hitmen" (who are "working in furtherance of [the] continuing criminal enterprise"). The Eighth Circuit, for example, described the statute's alternative liability scheme in response to an assertion by a defendant that § 848(e)(1) imposed liability only upon drug kingpins who were "engaging in" a CCE.

> [The defendant's] reliance on the general CCE principle that the drug kingpin is the primary focus is misplaced as it relates to his conviction of CCE-murder. The murder subsection of the statute imposes liability not just on a person "engaging in" the CCE, but *alternatively on a person "working in furtherance of" the CCE,* where he or she also either intentionally kills a person or "counsels, commands, induces, procures, or causes the intentional killing."

*Jones,* 101 F.3d at 1266 (emphasis added). *See United States v. McCullah,* 76 F.3d 1087, 1103 (10th Cir.1996) ("[T]he reach of section 848(e) extends to hired henchmen . . . who commit murder to further a drug enterprise in which they may not otherwise be intimately involved."), *cert. denied,* —— U.S. ——, 117 S.Ct. 1699, 137 L.Ed.2d 825 (1997); *United States v. Cooper,* 19 F.3d 1154, 1164–65 (7th Cir.1994) (clarifying that one need not be the CCE kingpin [i.e., "engaged in" a CCE] to work in furtherance of a CCE). *See also United States v. Tipton,* 90 F.3d 861, 887 (4th Cir.1996) ("The Government's evidence expressly linked each of the nine § 848(e) murders . . . to a furtherance of the CCE's purposes: either silencing potential informants or witnesses, eliminating supposed drug trafficking rivals or punishing underlings for various drug trafficking misfeasances."). These

---

4. In *Villarreal,* a case that the Eleventh Circuit found "persuasive," *Chandler,* 996 F.2d at 1099, the Fifth Circuit discussed the legislative history of CCE-murder:

> Before 1988, § 848 embodied only a single statutory prohibition—it punished offenders who engaged in a continuing criminal enterprise. After amendment by the Anti–Drug Abuse Act of 1988 . . . § 848(e) had added a death penalty provision, not for CCE offenses, but for an entirely new group of offenses— intentional murders committed during certain specified felonies.
>
> . . . We are convinced that Congress created a substantive offense in 21 U.S.C.

§ 848(c)(1)(B) and that its "language, structure, and . . . history . . . show in the plainest way that Congress intended [it] to be a separate criminal offense which was punishable in addition to, and not as a substitute for, the predicate offenses."

*Villarreal,* 963 F.2d at 728 (citing *Garrett v. United States,* 471 U.S. 773, 779, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985)).

5. There is also a CCE-murder provision in 21 U.S.C. § 848(e)(1)(B) relating to the killing of law enforcement officers. That provision is not pertinent to defendant Holland's motion or any of the charges in this case.

cases make clear that under 21 U.S.C. § 848(e)(1)(A) an individual may be liable for murder while "engaging in" a CCE, or while "working in furtherance of a[CCE]."

■ This leads to the central issue. Holland is charged in Count Three of the pending Indictment with intentionally killing Ronald Avans while "working in furtherance of a continuing criminal enterprise" in violation of § 848(e)(1)(A). Is the § 846 drug conspiracy for which Holland has already been put in jeopardy a lesser included offense of Count Three's murder "in furtherance of a continuing criminal enterprise" murder charge? This court finds that it is not.

The Tenth Circuit addressed this issue in the *McCullah* case. In *McCullah,* the defendant was convicted, among other things, of drug conspiracy in violation of 21 U.S.C. § 846, and murder "in furtherance" of a continuing criminal enterprise in violation of 21 U.S.C. § 848(e)(1)(A). *McCullah,* 76 F.3d at 1095. Like Holland, McCullah was not charged with the separate offense of "engaging in" a continuing criminal enterprise in violation of § 848(a). McCullah challenged his drug conspiracy conviction claiming (among other things) that his § 846 conspiracy conviction was a lesser included offense in his 848(e)(1)(A) murder conviction. *McCullah,* 76 F.3d at 1104. The Tenth Circuit found that McCullah's drug conspiracy conviction was separate and distinct from the murder charge:

> In this case, Mr. McCullah was convicted of drug conspiracy under § 846 and capital murder under § 848(e). The conspiracy charge is separate and distinct from the murder charge, not a lesser included offense.
>
> A violation of § 848(e) requires that the murder be committed by a person "engaging in or working in furtherance of a continuing criminal enterprise." 21 U.S.C. § 848(e)(1)(A). A violation of § 846 requires that a person "attempt or conspire" to commit a drug offense. 21 U.S.C. § 846. Mr. McCullah seeks to equate the continuing criminal enterprise requirement of § 848(e) with conspiracy, claiming that furtherance of a continuing criminal enterprise necessitates participation in a

conspiracy. However ... a person may further a continuing criminal enterprise without necessarily being a full member of the underlying conspiracy.

*McCullah,* 76 F.3d at 1104–05. *See also United States v. Jones,* 101 F.3d 1263, 1266, 1272 (8th Cir.1996) (affirming a defendant's § 846 conspiracy conviction and his 848(e) murder conviction in the same case).

Following the reasoning in the cases cited above, this court concludes that the prior dismissal of the 21 U.S.C. § 846 drug conspiracy charges against defendant Holland does not prevent his prosecution for a murder alleged to have been committed "in furtherance of a continuing criminal enterprise" in violation of 21 U.S.C. § 848(e)(1)(A). The § 846 drug conspiracy charge is not a lesser included offense of the § 848(e)(1)(A) murder "in furtherance" of a continuing criminal enterprise charge. It is possible that the government could prove that Holland killed Ronald Avans to further Holley's continuing criminal enterprise in violation of § 848(e)(1)(A). If so, it is inconsequential if Holland was otherwise involved in the continuing criminal enterprise as a conspirator. *See McCullah,* 76 F.3d at 1103 n. 4 (noting that "[i]t is inconsequential that the hitmen may not otherwise be involved with the organization; so long as they realize that they are working to further such an enterprise, they are subject to § 848(e)"). Accordingly, each offense requires proof of a fact which the other does not. *See Rutledge,* 517 U.S. at 297 (citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)).

**C. The Charges In Count Three That Allege An Intentional Killing "While Engaged In ... A Continuing Criminal Enterprise" And "While Engaged In An Offense Punishable Under Title 21, Section 841(b)(1)(A)."**

■ One issue remains to be examined. As discussed above, § 848(e)(1)(A) imposes liability for alternative forms of CCE-murder, and drug conspiracy is not a lesser included offense of *one* of those alternative types of murder—murder "in furtherance of a continuing criminal enterprise". Count

Three of the pending Indictment, however, charges Holland and Holley with two additional, alternative forms of CCE-murder; (1) "while engaged in ... a continuing criminal enterprise ... as charged in Count Two of this indictment" and (2) "while engaged in an offense punishable under Title 21, United States Code, Section 841(b)(1)(A), to wit: a conspiracy to possess with the intent to distribute ... marijuana ... and cocaine as charged in Count One of this indictment." [6]

In its response to Holland's motion to dismiss the government admits that the conspiracy alleged in Count One of the Indictment is the same conspiracy for which Holland was previously indicted and brought to trial. Consistent with this opinion and the authorities cited herein, defendant Holland cannot be prosecuted under this Indictment for CCE-murder while "engaged in ... a continuing criminal enterprise" or "while engaged in an offense punishable under Title 21, United States Code, Section 841(b)(1)(A)." It is clear that the conspiracy for which Holland has already been tried is a lesser included offense of both these offenses.

This issue was addressed by the Eighth Circuit in *Jones* where the defendant was indicted and convicted after a jury trial of four offenses:

(1) engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a);

(2) intentionally killing a man named Duon in furtherance of a continuing criminal enterprise in violation of 21 U.S.C. § 848(e)(1);

(3) conspiracy to distribute cocaine in violation of 21 U.S.C. § 846; and

(4) intentionally killing Duon while engaging in a conspiracy to distribute drugs in violation of 21 U.S.C. § 848(e)(1).

*Jones,* 101 F.3d at 1266. The Eighth Circuit affirmed Jones's convictions for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a), and for CCE-murder in furtherance of a continuing criminal enter-

prise in violation of 21 U.S.C. § 848(e)(1), but reversed his convictions for § 846 conspiracy and § 848(e)(1) CCE-murder while engaging in a conspiracy to distribute cocaine because of double jeopardy violations. *Jones,* 101 F.3d at 1268, 1272. The Eighth Circuit held that the § 846 conspiracy charge was a lesser included offense of the § 848(a) continuing criminal enterprise charge and only one judgment could be entered where a defendant was convicted of both offenses. *Jones,* 101 F.3d at 1268. Similarly, as to the charge of CCE-murder while engaged in a drug conspiracy, the Eighth Circuit held that

> Jones'[s] conspiracy is not "punishable" under § 848(b)(1)(A) because application of the Double Jeopardy Clause to Jones' predicate conspiracy conviction has eliminated the possibility that § 841(b)(1)(A) could be triggered. Because the Double Jeopardy Clause as applied in this case renders Jones'[s] drug conspiracy unpunishable, the government cannot establish a necessary element upon which Jones'[s] conviction for murder while engaging in the conspiracy rests. Accordingly, the conviction cannot stand.

*Jones,* 101 F.3d at 1268.

### III. CONCLUSION

Defendant Holland's "Motion To Dismiss Count Three Of The Indictment" is denied in that the Double Jeopardy Clause does not prevent Holland from being prosecuted for murder while "working in furtherance of a continuing criminal enterprise" in violation of 21 U.S.C. § 848(e)(1)(A). The Double Jeopardy Clause does, however, preclude Holland's prosecution for murder "while engaged in ... a continuing criminal enterprise" and for murder while engaged in a conspiracy punishable under 21 U.S.C. § 841(b)(1)(A), in violation of 21 U.S.C. § 848(e)(1)(A), insofar as both of these offenses contain, as a lesser included offense, the same conspiracy for which Holland has already been placed in jeopardy.

---

**6.** The government asserts that the evidence will show that Holley was *both* "engaged in" *and* "working in furtherance of" a continuing criminal enterprise, but that the evidence will show that Holland was *only* "working in furtherance

of" a continuing criminal enterprise. The government is silent as to what the evidence will show with respect Holland and or Holley being "engaged in ... a conspiracy" to possess and distribute marijuana and cocaine.

An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.